(Not for Publication)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                        :
MAR-KHEM INDUSTRIES, INC.,               :
                                        :
       Plaintiff,                        :
                                        :
       v.                                :   Civil No. 07-4799 (RBK)
                                        :
MARYLAND CASUALTY                        :   **ORDER**
COMPANY – ZURICH NORTH                   :
AMERICA,                                 :
                                        :
       Defendant.                        :
_____:

**KUGLER**, United States District Judge:

      Presently before the Court is a motion by Defendant Maryland Casualty Company – Zurich North America ("Zurich") for summary judgment on the claims brought by Plaintiff Mar-Khem Industries, Inc. ("Mar-Khem"), Zurich's insured. Mar-Khem alleges Zurich failed to pay the full amount owed under its insurance policy and engaged in unfair claim settlement practices. For the reasons that follow, Zurich's motion will be granted.

**I.    BACKGROUND**

      Mar-Khem is the owner of a warehouse that was damaged during a severe windstorm in September 2003. At the time of the storm, the warehouse and its contents were insured under a policy issued by Zurich ("the Policy"). In the days following the storm, Mar-Khem entered into a contract with insurance adjuster Robert Rodriguez of Reliable Adjustment Company to represent

1

it through the claims process with Zurich. Rodriguez on behalf of Mar-Khem filed claims for building damage, loss of personal property, loss of business income, and extra expenses.

Subsequently, Rodriguez and Zurich representatives could not agree on an appropriate payout for any of these claims, so Rodriguez invoked the Policy's "Appraisal Provision." This provision permits a claimant to make a written demand for an appraisal of a disputed loss. (See Def.'s Mot. Summ. J. Ex. A at 18.) Specifically, the provision states:

> In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire.

(Id.) If the umpire agrees with either of the appraisers, then that decision is binding. (Id.) While the appraisal process was underway, Zurich paid the amount it found appropriate on all of Mar-Khem's claims.

The appraisers issued awards of $381,771 on the personal property claim, $220,375 on the loss of business income claim, and $88,038.11 on the extra expenses claim. With respect to Mar-Khem's building damage claim, Mar-Khem agreed with Zurich that the replacement cost value of the damage to the warehouse was $551,330 and the actual cash value of the damage was $464,261. Mar-Khem and Zurich did not agree, however, on which of these amounts was the appropriate valuation under the Policy. Zurich took the position that the actual cash value was all it owed Mar-Khem due to a "coinsurance penalty" that applied because the building proved to be underinsured. Rodriguez argued the coinsurance provision was not applicable to Mar-Khem. Since they were unable to reach consensus on which replacement value was owed, Mar-Khem and Zurich submitted the question to appraisal. The appraisers found the coinsurance penalty

applied, in accordance with Zurich's position.

On August 16, 2007, Mar-Khem filed suit against Zurich in the Superior Court of New Jersey, Burlington County, contending Zurich owed more under the Policy and had engaged in bad faith practices during the claims process. Zurich removed the case to federal court on October 3, 2007. On February 21, 2008, Zurich filed the motion for summary judgment now before the Court. Mar-Khem opposes Zurich's motion.

## II.     STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could find for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). When the Court weighs the evidence presented by the parties, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. at 255.

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. Celotex, 477 U.S. at 330. The moving party may satisfy this burden by either (1) submitting affirmative evidence that negates an essential element of the nonmoving party's claim; or (2) demonstrating to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's case. Id. at 331.

Once the moving party satisfies this initial burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). To do so, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to

material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rather, to survive summary judgment, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

## III. DISCUSSION

Mar-Khem does not dispute the appraisal award concerning the contents claim or the business interruption claim; however, it contests the appraisers' determinations of the two other claims. First, Mar-Khem argues the appraisers made plain, palpable mistakes as to the extra expenses claim. In addition, Mar-Khem maintains the appraisers' decision on the building claim was in error, because the question of whether the contract is a coinsurance contract was not properly before the appraisers.

### A. Extra Expense Claim

Zurich argues because Mar-Khem's extra expense claim was submitted to conclusive appraisal, that claim has been resolved and the result is binding on Mar-Khem. In response, Mar-Khem argues first that summary judgment would be premature because it has not had the opportunity to complete discovery or join other parties, and second, genuine issues of material fact exist as to whether Mar-Khem is bound by the appraisers' decisions.

Under New Jersey law, "where parties agree to refer a matter to the judgment of others, their judgment is conclusive, unless fraud, collusion, or some plain, palpable mistake upon the face of the award appears, which is certified to or admitted by the arbitrators." Larkey v. Home Ins. Co., 138 A. 664, 665 (N.J. Ch. 1927) (internal quotation marks and citation omitted). "Mistake" in this context refers not to an error in judgment, but to instances where the award

4

"does not embody the real judgment of the parties who return it." <u>Igoe Bros. v. Nat'l Ben Franklin Fire Ins. Co. of Pittsburgh, Pa.</u>, 160 A. 382, 383 (N.J. 1932). Therefore, one party's contention that the appraisers' award is inadequate is not a sufficient ground for setting aside the award. <u>Larkey</u>, 138 A. at 665.

As an initial matter, the Court will not consider Mar-Khem's argument regarding the need for additional discovery. If Mar-Khem believed Zurich's motion to be premature, Rule 56(f) afforded the appropriate remedy, permitting it to file an affidavit with the Court explaining what information was required and why the missing information would be necessary to adequately oppose the motion. Fed. R. Civ. P. 56(f). Where an affidavit indicates that the party cannot "present by affidavit facts essential to justify the party's opposition," Rule 56(f) authorizes the Court to "refuse the application for judgment" or "order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had." Although Mar-Khem argues more discovery is needed to determine what information the appraisers considered when rendering their decisions, it has not provided an affidavit identifying the nature of this additional discovery and explaining why the discovery would provide facts essential to justify an opposition. Mar-Khem's arguments relating to discovery are therefore without merit.

Furthermore, Mar-Khem has not adduced sufficient evidence to withstand summary judgment on its extra expenses claim. Mar-Khem has pointed to no mistakes that would merit vitiation of the appraisers' award on this claim. Mar-Khem asserts certain bills should have been but were not submitted to the appraisers; however, these "mistakes" are not of the variety with which this Court can concern itself, since they go beyond the face of the award and have not been admitted by the appraisers. It is not this Court's role to second-guess the sufficiency of the

award. As a result, Zurich is entitled to summary judgment on Mar-Khem's extra expense claim.

**B.     Building Claim**

Zurich makes three arguments in support of summary judgment on Mar-Khem's building claim. First, it argues the parties agreed to expand the normal scope of the appraisers' jurisdiction to include the legal question of whether the Policy's coinsurance penalty applied. In addition, Zurich asserts actual cash value is the appropriate payment, regardless of the enforceability of the appraisers' award, since repair or replacement is a prerequisite to receiving replacement cost value and Mar-Khem has not repaired or replaced the damaged portions of the warehouse. Lastly, Zurich argues actual cash value is the proper valuation method by virtue of the Policy's coinsurance penalty, which is applicable as a matter of law. In its opposition Mar-Khem maintains appraisers' jurisdiction is strictly limited to valuation. Mar-Khem also asserts that it has in fact made repairs to the warehouse and is thus not precluded as a matter of law from getting replacement value. Finally, Mar-Khem states more discovery is necessary to determine whether the coinsurance penalty applies.

In keeping with the general rule that appraisal is limited to the narrow issue of the amount of loss, under New Jersey law, an appraiser cannot make legal determinations. Elberon Bathing Co., Inc. v. Ambassador Ins. Co., Inc., 389 A.2d 439, 445 (N.J. 1978); Rastelli Brothers, Inc. v. Netherlands Insurance Co. T/A Peerless Insurance, 68 F. Supp. 2d 440, 446 (D.N.J. 1999). Moreover, a court "must correct any erroneous exercise of jurisdiction by an appraiser." Elberon Bathing Co., 389 A.2d at 447.

Here, the Court agrees that the appraisers improperly exceeded their jurisdiction by deciding the legal question of the coinsurance penalty's applicability; however, there are no

disputed issues of material fact and the Court can conclude as a matter of law that the penalty applies in this case. The coinsurance penalty provision states:

> Penalty for Underinsurance – If the property is covered on a Replacement Cost Basis and the value shown in the Declarations for the Covered Property is less than 80% of its replacement cost value at the time of loss or damage, we will value the property at its actual cash value instead. This condition applies to Coverages A, B, C and D of SECTION 1 – COVERED PROPERTY.

Zurich proffers an estimate from a general contractor who placed the replacement cost of the warehouse at $2,609,150. (See Def.'s Mot. Summ. J. Ex. J.) The replacement cost designated for the warehouse in the Policy was $1,406,000, only 54% of the estimated replacement cost value at the time of the loss. (See id. Ex. A at 2.2.1.) Mar-Khem does not rebut this evidence in any way, and Mar-Khem's corporate designee testified he had no information suggesting it would cost less than $2.6 million to replace the building. Mar-Khem responds only that it needs the opportunity to rebut Zurich's estimate. As previously stated, however, the Court will not consider this argument in the absence of a Rule 56(f) affidavit. Since Mar-Khem has not adduced any evidence to create a genuine issue of material fact nor filed a Rule 56(f) affidavit, the Court will grant Zurich summary judgment on Mar-Khem's building claim.

  **C. Claim for Code Upgrades**

Finally, Zurich asks for summary judgment on Mar-Khem's claim for $115,489.65 pursuant to the Policy's building coverage for code upgrades. Zurich argues first that the Policy's coverage for code upgrades only applies where damage is actually repaired and that the undisputed evidence here establishes Mar-Khem has not completed any repairs. Mar-Khem disputes that assertion, referencing approximately $250,000 to $300,000 expended on repairs. In its reply, Zurich contends that even assuming Mar-Khem did actually make $250,000 to

$300,000 in repairs to the warehouse, that amount is still less than Zurich has already paid Mar-Khem on its building claim in actual cash value.  Alternatively, Zurich argues Mar-Khem's code upgrades claim is barred by the Policy's two-year suit limitation, because Mar-Khem never submitted this claim to Zurich.  Mar-Khem attempts to rebut this assertion with a March 21, 2005 fax to Mr. Rodriguez concerning code upgrades.

The Policy provides that Zurich will pay the increased costs of repair necessitated by enforcement of a zoning ordinance or law in effect at the time of the loss.  (Id. Ex. A at 15.)  Thus, repair is a prerequisite for payment on a claim for code upgrades.  Even construing the evidence in Mar-Khem's favor and assuming it spent $250,000 to $300,000 on repairs, including necessary code upgrades, Mar-Khem cannot prevail because the actual cash value payment Zurich has already made exceeds the value of the warehouse repairs.  Hence, Zurich merits summary judgment on Mar-Khem's claim for code upgrades.

### IV.   CONCLUSION

Based on the foregoing reasoning, the Court will grant Zurich's motion for summary judgment.  An accompanying Order shall issue today.


Dated: 8-12-08                                              s/ Robert B. Kugler
                                                            ROBERT B. KUGLER
                                                            United States District Judge